Scott J. Yundt (CSB# 242595)
4049 First St., Suite 139A
Livermore, California 94551
Telephone: (925) 443-7148
Cell: (415) 990-2070
Fax: (925) 443-0177
Email: sjyundt@gmail.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anthony Rivera,<br><br>     Plaintiff,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF ENERGY and NATIONAL NUCLEAR SECURITY ADMINISTRATION, an agency of the U.S. Department of Energy,<br><br>     Defendants. | Case No. 3:19-cv-2515<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## I.     INTRODUCTION

1. Plaintiff Anthony Rivera (hereinafter "Rivera"), brings this action to redress violations of the Freedom of Information Act 5 U.S.C. § 552 (1966). Congress enacted FOIA to provide members of the public the right of access to federal agency records, except for those records (or portions thereof) that are protected from disclosure by exemptions and exclusions. Plaintiff challenges the failure of defendants United States Department of Energy (hereinafter "DOE") and National Nuclear Security Administration (hereinafter "NNSA"), to provide all responsive, non-exempt, and non-excluded records (or portions thereof) requested by plaintiff in one FOIA request made to defendants, seeking agency records pertaining to DOE and NNSA

Complaint for Declaratory and Injunctive Relief - 1

operations and activities. Defendants have failed to respond to FOIA requests in a timely manner, as provided by the statute, and this conduct amounts to a constructive denial of these requests. Thus, defendants have improperly withheld agency records from the plaintiff.

## II.   JURISDICTION, VENUE, AND BASIS FOR RELIEF

2. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question) because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

3. Venue in this Court is proper because plaintiff resides in this district. *See* 5 U.S.C. § 552(a)(4)(B); 28 U.S.C. § 1391(e).

4. Declaratory relief is appropriate under 28 U.S.C. § 2201 and 5 U.S.C. § 552(a)(4)(F).

5. Injunctive relief is appropriate pursuant to 28 U.S.C. § 2202.

## III.   PARTIES

6. Plaintiff Anthony Rivera is a former employee of the Lawrence Livermore National Laboratory. He seeks the requested information as a concerned citizen and former employee to gain more understanding of specific actions of federal agencies (the DOE and NNSA).

7. Plaintiff suffers an informational harm by being denied access to the requested records. Plaintiff's injuries can be redressed by this suit and granting of the remedies requested herein.

8. Defendant United States Department of Energy is a federal agency whose overarching mission is to advance the national, economic, and energy security of the nation; to promote scientific and technological innovation in support of that mission; and to ensure the environmental cleanup of the national nuclear weapons complex. DOE is in possession and control of the records sought by plaintiff. As an agency of the executive branch of the United States government, DOE is subject to FOIA pursuant to 5 U.S.C. § 552(f).

9. Defendant United States National Nuclear Security Administration, a separately organized agency within the U.S. Department of Energy, is responsible for the management and security of the nation's nuclear weapons, nuclear nonproliferation, and naval reactor programs. NNSA is in possession and control of the records sought by plaintiff. As an agency of the

executive branch of the United States government, NNSA is subject to FOIA pursuant to 5 U.S.C. § 552(f).

### IV. LEGAL FRAMEWORK OF FOIA RELEVANT TO CLAIM

10. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt and non-excluded agency records (or portions thereof) to those persons who make requests for records that reasonably describe such records and are made in conformance with applicable rules and procedures. *See* 5 U.S.C. § 552(a)(3)(A).

11. FOIA requires a federal agency to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

12. FOIA expressly provides that in instances of "unusual circumstances," an agency may delay its response to a FOIA request or appeal for up to 10 working days, but must provide written notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i).

13. Agencies are required to establish a telephone line or Internet service for requesters to inquire about the status of FOIA requests in which the agency claims "unusual circumstances." This service must provide requesters with an estimated date that the agency will complete their action. 5 U.S.C. §552(a)(7)(B)(ii).

14. FOIA expressly provides that persons shall be deemed to have exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(i)-(ii). 5 U.S.C. § 552(a)(6)(C).

15. FOIA provides that any person who has not been provided records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from an appropriate federal district court to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

16. Under FOIA, a federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

17. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if plaintiff substantially prevails in this action. 5 U.S.C. § 552(a)(4)(E).

18. Pursuant to the Equal Access to Justice Act, this Court may assess the costs of disbursements and costs of litigation, including reasonable attorney and expert witness fees against the United States if plaintiff substantially prevails in this action. 28 U.S.C. § 2412.

## V. FACTUAL ALLEGATIONS FOR PLAINTIFF'S FOIA REQUEST

### Plaintiff's March 12, 2018 FOIA Request to NNSA: FOIA 18-00125-M

19. On or about March 12, 2018 plaintiff sent a FOIA request to NNSA seeking Lawrence Livermore National Security, LLC ("LLNS")reimbursement related documentation with dates, in accordance with DOE Acquisition Letter NO. AL 2016-06 dated August 4, 2016 subject "Provisional Reimbursements and Allowability of Costs Associated with Whistleblower Actions," including"

- All NNSA Livermore Field Office ("LFO") documentation associated with the allowability of reimbursements to LLNS for all litigation legal fees and expenses to defend against former LLNS employee Anthony T. Rivera in District Court, and through all DOE OHA Investigations and Hearing Processes.

- Total itemized dollar amount reimbursed to LLNS to date for all litigation legal fees and expenses to defend against former LLNS Employee Anthony T. Rivera in District Court, and through all DOE OHA Investigations and Hearing Processes

- Total itemized dollar amount provisionally reimbursed to LLNS to date for all litigation legal fees and expenses to defend against former LLNS Employee Anthony T. Rivera in District Court, and through all DOE OHA Investigations and Hearing Processes.

- NNSA LFO Contracting Officer review, analysis, and conclusions pertaining to the allowability, approval or disapproval of reimbursements to date, for any and all ligation

legal fees and expenses to defend against former LLNS Employee Anthony T. Rivera in District Court, and through all DOE OHA Investigations and Hearing Processes.

• Documents exchanged between the Contracting Officer and Department Counsel in considering or determining contractor reimbursement for all litigation legal fees and expenses to defend against former LLNS Employee Anthony T. Rivera in District Court, and through all DOE OHA Investigations and Hearing Processes.

• All documents that demonstrate the contractor was *"responsible for accounting for whistleblower proceeding costs appropriately for maintaining records, including supporting documentation, adequate to demonstrate that costs claimed have been incurred, are allowable to the contract and comply with FAR and DEAR cost principles,"* related to all litigation legal fees and expenses to defend against former LLNS Employee Anthony T. Rivera in District Court, and through all DOE OHA Investigations and Hearing Processes.

• Documents exchanged between Department Counsel and LLNS contractor counsel regarding legal costs expected or determined to be in excess of $100,000 viewed as a Department "significant matter," related to all litigation legal fees and expenses to defend against former LLNS Employee Anthony T. Rivera in District Court, and through all DOE OHA Investigations and Hearing Processes

20. On or about March 14, 2018, NNSA sent Rivera an email acknowledging receipt of request and providing the control number: 18-00125-M.

21. On or about May 16, 2018, Rivera sent NNSA a letter notifying the agency of its failure to comply with FOIA and requesting an estimated date of completion.

22. On or about June 4, 2018 Rivera sent NNSA a letter notifying the agency of its failure to comply with FOIA and requesting an estimated date of completion.

23. On or about July 12, 2018 Rivera sent NNSA a letter notifying the agency of its failure to comply with FOIA and requesting an estimated date of completion.

24. On or about December 3, 2018 Rivera sent NNSA a letter notifying the agency of its

failure to comply with FOIA and requesting an estimated date of completion.

25. On December 11, 2018 NNSA sent an email to Mr. Rivera stating that the expected release date of responsive documents would be March 29, 2019.

26. On or about December 20, 2018 Rivera sent NNSA a letter notifying the agency of its failure to comply with FOIA and requesting an estimated date of completion.

27. On or about February 4, 2019 and February 19, 2019 Rivera sent NNSA a letter notifying the agency of its failure to comply with FOIA and requesting an estimated date of completion.

28. On or about March 1, 2019 Rivera sent NNSA a letter notifying the agency of its failure to comply with FOIA and requesting an estimated date of completion.

To date, no responsive documents have been provided, nor any estimated date of completion given.

### Plaintiff's November 7, 2018 FOIA Request to NNSA: FOIA 19-00032-M

29. On or about November 7, 2018 plaintiff sent a FOIA request to NNSA seeking any and all records pertaining to Career Indefinite employees or Supplemental Labor employee Layoffs at Lawrence Livermore National Laboratory (LLNL) from June 1, 1984 to November 1, 2013, including;

- Any and all records pertaining to Career Indefinite employee and or Supplemental Labor employee layoffs at LLNL from June 1, 1984 to November 1, 2013 that may indicate the particular projects or programs associated with the layoffs from June 1, 1984 to November 1, 2013.
- Any and all records pertaining to Career Indefinite employee and or Supplemental Labor employee regarding possible or imminent layoffs at LLNL from June 1, 1984 to November 1, 2013. These records include but are not limited to:
    - Warn Act Notifications
    - Records pertaining to WARN Act notifications
    - Who the recipients of the WARN Act notifications were
    - Any and all records pertaining to internal or external notification of possible

and or imminent layoffs such as but not limited to the LNL internal paper called the "Newsline" dated November 16, 2007 Col 32, No 39 on page to which described layoffs. *(Excerpt of Article was provided in the request.)*

30. On or about November 15, 2018, NNSA sent Rivera an email acknowledging receipt of request and providing the control number: 19-00032-M.

31. On or about December 11, 2018, NNSA sent a request for clarification related to 19-00032-M to Rivera.

32. On or about December 13, 2018, Rivera sent NNSA a letter further clarifying the request and agreeing to truncate.

33. On or about January 11, 2019 and February 5, 2019 Rivera NNSA a letter notifying the agency of its failure to comply with FOIA and requesting an estimated date of completion.

34. On or about February 20, 2019, Rivera sent NNSA a letter notifying the agency of its failure to comply with FOIA and requesting an estimated date of completion.

35. On or about March 4, 2019, Rivera sent NNSA a letter notifying the agency of its failure to comply with FOIA and requesting an estimated date of completion.

To date, no responsive documents have been provided, nor any estimated date of completion given.

**Plaintiff's Janurary 14, 2019 FOIA Request to NNSA: FOIA 19-00071-EW**

36. On or about January 14, 2019 plaintiff sent a FOIA request to NNSA seeking all unclassified records relating to the August 30, 2013 LLNL HEAF 10kg port glass rupture, including;

• Unedited High-bay Video and or videos of the August 30, 2013 LLNL HEAF 10kg port glass rupture incident where "*As the experiment was detonated, the rupture and subsequent venting was visible on the remote camera positioned in the high-bay and observed by the experimental team.*"

• Unedited High-bay Video and or videos of the August 30, 2013 LLNL HEAF 10kg port glass rupture incident where *"The Lead Firing Tank operator activated the Fire Fighter Smoke Fans to ventilate the room prior to entry."*

  • Unedited High-bay Camera pictures of the August 30, 2013 LLNL HEAF 10kg port glass rupture incident where *"The Lead Firing Tank operator activated the Fire Fighter Smoke Fans to ventilate the room prior to entry."*

  • Unedited High-bay Camera pictures similar in nature to "The Area Post-Shot" reference 2 below, (referenced document included in request) but to include all closer view camera pictures taken of non-structural damage such as damage to diagnostics, cameras, control racks, port glass, other experimental components outside the 10kg tank, and or attached to the 10kg tank. These pictures may have been taken to evaluate and document Post-Shot damage.

  • Unedited High-bay Camera pictures taken outside of the High-bay, similar in nature to "The Area Post-Shot" reference 2 below, but to include all closer view camera pictures taken of non-structural damage such as damage to diagnostics, cameras, control racks, port glass, other experimental components outside the 10kg tank, and or attached to the 10kg tank. These pictures may have been taken in HEAF rooms outside the High-Bay or in other LLNL buildings to evaluate and document Post-Shot damage.

  • Records that detail where the *"Fire Fighter Smoke Fans"* vented the smoke to, after the 10kg port glass rupture meaning the pathway of the smoke starting from the high-bay to its eventual capture point, or to its release to the atmosphere. These records may include;

    • The *"Fire Fighter Smoke fans"* vented or redirected the smoke through an internal HEAF air filtration system or air scrubber system before venting to the atmosphere.

    • The *"Fire Fighter Smoke fans"* vented or redirected the smoke directly to the atmosphere without an air filtration system process or an air scrubbing process.

    • The *"Fire Fighter Smoke Fans"* venting or redirecting smoke through and internal HEAF air filtration system or air scrubber system before venting to the atmosphere, was not a DOE/NNSA or local air quality requirement to address incidents deemed off-normal.

  37. On or about January 15, 2019, NNSA sent Rivera an email acknowledging receipt of request and providing the control number: 19-00071-EW.

  38. On or about February 14, 2019, February 28, 2019 and March 8, 2019, Rivera sent

NNSA letters notifying the agency of its failure to comply with FOIA and requesting an estimated date of completion. To date, no responsive documents have been provided.

**Plaintiff's Janurary 18, 2019 FOIA Request to NNSA: FOIA 19-00078-R**

39. On or about January 18, 2019 plaintiff sent a FOIA request to NNSA seeking any and all documents related to reimbursement, provisional reimbursement, accrued legal fees , and related reimbursements to the contractor LLNS associated with the DOE 708 Whistleblower Complaint that Anthony T. Rivera filed against LLNS for the period May 18, 2018 through January 18, 2019. This request will include reimbursements not captured in NNSA FOIA 18-00183-R. It will also include:

• A detailed list of all LLNS accounts charged by LLNS LLC Corporate Senior Management, including Bechtel National, University of California, Babcock and Wilcox, Washington Division of URS Corporation, and Battelle, regarding any aspect of my dismissal from LLNS.

• All post NNSA FOIA 18-000183-R documents related to DOE/NNSA to the Contractor LLNS reimbursement and provisional reimbursement, for accrued legal fees and expenses for the hired legal firm Hanson Bridgett LLP.

• Any and all documents related to the total fee (legal fees + expenses) provided to legal firm(s) reimbursed, or provisionally reimbursed from DOE/NNSA to LLNS associated with DOE OHA case WBB-17-0010.

• Any and all documents related to the beginning date of each legal fee and expense.

• Any and all documents related to the closing date of each litigation fee and expense or state "in progress."

•Any and all documents that are related-reimbursements defined as labor charged by internal LLNS staff in any way associated with DOE OHA case WBB-17-0010. These charges will include but are not limited to"

• Total charges of Jennifer Achtert

• Total charges of Jennifer Szutu

• All LLNS internal charges expended in support of LLNS litigation efforts, not

directly and completely paid for out of LLNS earnings or profits.  This may include the expenses of non-attorney LLNS managers and employees that charged LLNS accounts for contributions to the DOE OHA case WBB-17-0010 response by Dorothy Liu with the legal firm Hanson Bridgett LLP filed with the DOE OHA on January 23, 2018. This would include but not limited to:

• Time charge for strategy meetings that were physical, by phone, or email discussions, between lab attorneys and or retained attorneys, with LLNS non-attorney staff

• Actual LLNS account numbers charged and account number descriptions for all LLNS internal charges expended in support of LLNS litigation efforts, not directly and completely paid for out of the LLNS earnings or profits.

• LLNS reimbursed legal fees plus expenses received from the NNSA to pay for the legal services of Dorothy Liu and legal firm Hanson Bridget LLP, and other hired legal firm(s), where the deliverable in part or in whole, of those legal services was utilized to defend LLNS for reviews  where a relationship to the DOE 708 whistleblower complaint detail exist. Such reviews may include but are not limited to:

• DOE Headquarters Legal Counsel meetings, inquiries, or investigations

• NNSA Headquarters Legal Counsel meetings, inquiries, or investigations

• NNSA LFO Legal Counsel or Contracting Officer meetings, inquiries, or investigations

• Meetings, inquiries, or investigations between the NNSA LFO and DOE/NNSA Headquarters.

40. On or about January 23, 2019, NNSA sent Rivera an email acknowledging receipt of request and providing the control number: 19-00078-R.

41. On or about February 22, 2019, Rivera sent NNSA letters notifying the agency of its failure to comply with FOIA and requesting an estimated date of completion.

42. On or about March 5, 2019, Rivera sent NNSA letters notifying the agency of its failure to comply with FOIA and requesting an estimated date of completion. To date, no

responsive documents have been provided.

## VI. CLAIMS FOR RELIEF

### Count I: Violation of the Freedom of Information Act: FOIA 18-00125-M

39. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

40. Defendants violated FOIA by failing to provide plaintiff with the responsive, non-exempt records, and non-excluded records (or portions thereof), requested by plaintiff in his March 12, 2018 FOIA request to NNSA in a manner consistent with the 20-day statutory period, or within 10 additional days if defendant claimed unusual circumstances existed.

41. By failing to provide plaintiff with any records responsive to his March 12, 2018 FOIA request to NNSA, defendants have denied plaintiff's right to this information provided by law under the Freedom of Information Act.

42. Unless enjoined by this Court, defendants will continue to violate plaintiff's legal rights to access the records requested in plaintiff's March 12, 2018 FOIA request to NNSA.

43. Plaintiff is directly and adversely affected and aggrieved by defendants' failure to provide all non-exempt and non-excluded records (or portions thereof) responsive to its March 12-2018 FOIA request to NNSA.

44. Defendants violated FOIA by failing to provide plaintiff with an estimated date of dispatch of the record as requested by plaintiff in his March 12, 2018 correspondence. 5 U.S.C. §552(a)(6)(B)(i).

45. Defendants violated FOIA by failing to establish a telephone line or Internet service for plaintiff to inquire about the status of this FOIA request that would specifically provide plaintiff with an estimated date by which the agency would complete its action on this request. 5 U.S.C. §552(a)(7)(B)(ii).

46. Plaintiff has fully exhausted all administrative remedies required by FOIA prior to seeking judicial review of defendants' failure to provide all non-exempt and non-excluded records (or portions thereof) responsive to his March 12, 2018 FOIA request to NNSA.

47. Plaintiff has suffered a legal wrong as a result of defendants' failure to comply with the mandates of FOIA. Defendants' failure to disclose all non-exempt and non-excluded records (or portions thereof) responsive to plaintiff's March 12, 2018 request to NNSA has injured plaintiff's interests in public oversight of governmental operations.

48. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

49. Plaintiff is entitled to costs of disbursements and costs of litigation, including reasonable attorney and expert witness fees, under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**Count II: Violation of the Freedom of Information Act: FOIA 19-00032-M**

50. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

51. Defendants violated FOIA by failing to provide plaintiff with the responsive, non-exempt records, and non-excluded records (or portions thereof), requested by plaintiff in his November 7, 2018 FOIA request to NNSA in a manner consistent with the 20-day statutory period, or within 10 additional days if defendant claimed unusual circumstances existed.

52. By failing to provide plaintiff with any records responsive to his November 7, 2018 FOIA request to NNSA, defendants have denied plaintiff's right to this information provided by law under the Freedom of Information Act.

53. Unless enjoined by this Court, defendants will continue to violate plaintiff's legal rights to access the records requested in plaintiff's November 7, 2018 FOIA request to NNSA.

54. Plaintiff is directly and adversely affected and aggrieved by defendants' failure to provide all non-exempt and non-excluded records (or portions thereof) responsive to his November 7, 2018 FOIA request to NNSA.

55. Defendants violated FOIA by failing to provide plaintiff with an estimated date of dispatch of the record as requested by plaintiff in his November 7, 2018 correspondence. 5 U.S.C. §552(a)(6)(B)(i). 33.

56. Defendants violated FOIA by failing to establish a telephone line or Internet service

for plaintiff to inquire about the status of this FOIA request that would specifically provide plaintiff with an estimated date by which the agency would complete its action on this request. 5 U.S.C. §552(a)(7)(B)(ii).

57. Plaintiff has fully exhausted all administrative remedies required by FOIA prior to seeking judicial review of defendants' failure to provide all non-exempt and non-excluded records (or portions thereof) responsive to his November 7, 2018 FOIA request to NNSA.

58. Plaintiff has suffered a legal wrong as a result of defendants' failure to comply with the mandates of FOIA. Defendants' failure to disclose all non-exempt and non-excluded records (or portions thereof) responsive to plaintiff's November 7, 2018 request to NNSA has injured plaintiff's interests in public oversight of governmental operations.

59. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

60. Plaintiff is entitled to costs of disbursements and costs of litigation, including reasonable attorney and expert witness fees, under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**Count III: Violation of the Freedom of Information Act: FOIA 19-00071-EW**

61. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

62. Defendants violated FOIA by failing to provide plaintiff with the responsive, non-exempt records, and non-excluded records (or portions thereof), requested by plaintiff in his January 14, 2019 FOIA request to NNSA in a manner consistent with the 20-day statutory period, or within 10 additional days if defendant claimed unusual circumstances existed.

63. By failing to provide plaintiff with any records responsive to his January 14, 2019 FOIA request to NNSA, defendants have denied plaintiff's right to this information provided by law under the Freedom of Information Act.

64. Unless enjoined by this Court, defendants will continue to violate plaintiff's legal rights to access the records requested in plaintiff's January 14, 2019 FOIA request to NNSA.

65. Plaintiff is directly and adversely affected and aggrieved by defendants' failure to

1  provide all non-exempt and non-excluded records (or portions thereof) responsive to his January
2  14, 2019 FOIA request to NNSA.

3  66. Defendants violated FOIA by failing to provide plaintiff with an estimated date of
4  dispatch of the record as requested by plaintiff in his January 14, 2019 correspondence. 5 U.S.C.
5  §552(a)(6)(B)(i).

6  67. Defendants violated FOIA by failing to establish a telephone line or Internet service
7  for plaintiff to inquire about the status of this FOIA request that would specifically provide
8  plaintiff with an estimated date by which the agency would complete its action on this request. 5
9  U.S.C. §552(a)(7)(B)(ii).

10  68. Plaintiff has fully exhausted all administrative remedies required by FOIA prior to
11  seeking judicial review of defendants' failure to provide all non-exempt and non-excluded
12  records (or portions thereof) responsive to his January 14, 2019 FOIA request to NNSA.

13  69. Plaintiff has suffered a legal wrong as a result of defendants' failure to comply with
14  the mandates of FOIA. Defendants' failure to disclose all non-exempt and non-excluded records
15  (or portions thereof) responsive to plaintiff's January 14, 2019 request to NNSA has injured
16  plaintiff's interests in public oversight of governmental operations.

17  70. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant
18  to FOIA. 5 U.S.C. § 552(a)(4)(E).

19  71. Plaintiff is entitled to costs of disbursements and costs of litigation, including
20  reasonable attorney and expert witness fees, under the Equal Access to Justice Act, 28 U.S.C. §
21  2412.

22  **Count IV: Violation of the Freedom of Information Act: FOIA19-00078-R**

23  72. The allegations made in all preceding paragraphs are realleged and incorporated by
24  reference herein.

25  73. Defendants violated FOIA by failing to provide plaintiff with the responsive, non-
26  exempt records, and non-excluded records (or portions thereof), requested by plaintiff in his
27  January 18, 2019 FOIA request to NNSA in a manner consistent with the 20-day statutory
28  period, or within 10 additional days if defendant claimed unusual circumstances existed.

74. By failing to provide plaintiff with any records responsive to his January 18, 2019 FOIA request to NNSA, defendants have denied plaintiff's right to this information provided by law under the Freedom of Information Act.

75. Unless enjoined by this Court, defendants will continue to violate plaintiff's legal rights to access the records requested in plaintiff's January 18, 2019 FOIA request to NNSA.

76. Plaintiff is directly and adversely affected and aggrieved by defendants' failure to provide all non-exempt and non-excluded records (or portions thereof) responsive to his January 18, 2019 FOIA request to NNSA.

77. Defendants violated FOIA by failing to establish a telephone line or Internet service for plaintiff to inquire about the status of this FOIA request that would specifically provide plaintiff with an estimated date by which the agency would complete its action on this request. 5 U.S.C. §552(a)(7)(B)(ii).

78. Plaintiff has fully exhausted all administrative remedies required by FOIA prior to seeking judicial review of defendants' failure to provide all non-exempt and non-excluded records (or portions thereof) responsive to his January 18, 2019 FOIA request to NNSA.

79. Plaintiff has suffered a legal wrong as a result of defendants' failure to comply with the mandates of FOIA. Defendants' failure to disclose all non-exempt and non-excluded records (or portions thereof) responsive to plaintiff's January 18, 2019 request to NNSA has injured plaintiff's interests in public oversight of governmental operations.

80. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

3. Plaintiff is entitled to costs of disbursements and costs of litigation, including reasonable attorney and expert witness fees, under the Equal Access to Justice Act, 28 U.S.C. § 2412.

## VII.   REQUEST FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter Judgment for plaintiff providing the following relief:

1. Expedite this case in accordance with 28 U.S.C. §1657(a) so as to resolve this case in time for plaintiff to use the requested information in furtherance of its legitimate objectives. Good cause is shown because "a right under…a Federal Statute would be maintained". 28 U.S.C. §1657(a).

2. Declare that defendants have violated FOIA by failing to fully respond to the four FOIA requests that are the subject of this complaint.

3. Direct by injunction that defendants immediately provide plaintiff with all non-exempt and non-excluded records (or portions thereof), responsive to the FOIA requests that are the subject of this complaint (FOIA 18-00125-M, 19-00032-M, 19-00071-EW, and 19-00078-R).

4. Direct by injunction that defendants comply with the time requirements of FOIA, as provided by both case law and statute, for the production of requested documents to plaintiff.

5. Direct by injunction that defendants comply with the requirement of FOIA to provide an estimated date on which the agency will complete action on a request when the agency has claimed "unusual circumstances," as provided by both case law and statute.

6. Direct by injunction that defendants comply with the requirement of FOIA to establish a telephone line or Internet service for requestors to inquire about the status of FOIA requests, when the agency has claimed "unusual circumstances," that would specifically provide plaintiff with an estimated date by which the agency would complete its action. 5 U.S.C. §552(a)(7)(B)(ii).

7. Direct by injunction that defendants are barred from any and all improper withholdings of agency records.

8. Maintain jurisdiction over this action until defendants are in compliance with FOIA and every order of this Court.

9. Grant plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E), and the Equal Access to Justice Act, 28 U.S.C. § 2412.

10. Provide such other relief as the Court deems just and proper.

Respectfully submitted this May 10, 2019.

/s/ Scott Yundt
SCOTT YUNDT (CSB # 242595)
4049 First St., Suite 139A
Livermore, California 94551
Telephone: (925) 443-7148
Cell: (415) 990-2070
Email: sjyundt@gmail.com